UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HENRY, | ) |
| Plaintiff, | ) |
| | ) Case No. 21-3244 |
| v. | ) |
| UNITED STATES OF AMERICA, et al, | ) |
| Defendants. | ) |

**VILLAGE OF ORLAND PARK, KLEIN, THORPE AND JENKINS, KEITH PEKAU, HOWARD JABLECKI, DENNIS WALSH, GEORGE KOCZWARA AND CINDY NELSON KATSENES' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES the DEFENDANTS, VILLAGE OF ORLAND PARK (the "Village"), KLEIN THORPE AND JENKINS, KEITH PEKAU, HOWARD JABLECKI, DENNIS WALSH, GEORGE KOCZWARA and CINDY NELSON KATSENES, by and through their attorneys, KLEIN, THORPE AND JENKINS, LTD, and hereby moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof states as follows:

**I.   INTRODUCTION**

Plaintiff, Michael Henry, in what has become a pattern of abusing both State and Federal legal systems, has filed the instant matter in a further attempt to harass the Village of Orland Park, its Elected Officials and Village Staff, and the Village Attorneys. The current Complaint, which is comprised of nothing more than a series of rambling allegations containing conspiracy theories and misplaced legal arguments, is the latest in a serious of frivolous filings made by Henry against these Village parties. Most recently, similar claims asserted by Mr. Henry in the Federal District Court for the District of Columbia were dismissed (Case No. 20 CV 3689). Mr. Henry also

recently filed a case in Sangamon County Small Claims Court (Case No. 21-SC-3197) raising similar claims, which are all subject to a pending motion to dismiss and motion for sanctions.

Mr. Henry is no stranger to the judicial system, and in fact has a history of engaging in "abusive and repetitive litigation." *Henry v. U.S.*, 360 F.App'x 654, 2010 WL 145112 at *2. The Northern District of Illinois Executive Committee instituted a filing bar, upheld by the Seventh Circuit, against the Defendant due to his pursuit of a "campaign of litigation against the IRS." *Id.* Mr. Henry is now attempting to continue this behavior in federal courts outside the Northern District, as evidenced by this Complaint as well as the flurry of frivolous and baseless motions filed by Mr. Henry in this matter since the filing of this Complaint. This Court should permit Mr. Henry to further abuse the legal system with his harassing and unfounded filings.

The current Complaint appears to stem from a lawsuit filed by the Village against Mr. Henry, currently pending in Cook County Circuit Court (Case 2020 M5 698) relating to harassing robocalls made in the Village. Given the denial of motions to dismiss and the imposition of Sanctions against Mr. Henry in that State case, Mr. Henry now attempts to use this Court to not only re-litigate those issues, but now to also attack the Judge presiding over those proceedings. In the current Complaint, Mr. Henry makes wild allegations regarding political conspiracies, but at no time does he even come close to asserting any legally cognizable cause of action. As such, the Amended Complaint must be dismissed, with prejudice, and Mr. Henry should be barred from filing and further frivolous complaints or motions in this Court.

## II.    ARGUMENT

The Defendants move for dismissal pursuant to Rule 12(b)(6). The facts alleged in the Complaint, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim against the Defendants as a matter of law. *Heyde v. Pittenger*, 633 F.3d 512, 516-17, (7th Cir.

2011). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, plaintiffs must plead factual allegations sufficient "to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### A. Plaintiff Has Failed To State Any Claim for Injunctive Relief

In Counts I and II of the Complaint, Mr. Henry attempts to seek both a TRO and Permanent Injunction, specifically asking this Court to take over jurisdiction of the current case pending in Cook County Circuit Court (Case No. 2020 M5 698). Not only does Mr. Henry fail to even remotely set forth the requisite bases for injunctive relief, but his request alone is ludicrous. Specifically, the Federal Court for the District of Columbia already ruled in dismissing Mr. Henry's complaint that the Village's claims were properly brought in state court. Moreover, at best, Mr. Henry raises in this case what could potentially be defenses in the state court case, not stand alone causes of action. As such, he has set forth no viable claim. Mr. Henry is improperly seeking advisory opinions from this Court as it relates to the pending Cook County case, a result this Court must reject. As such, Counts I and II must be dismissed, with prejudice.

### B. Plaintiff Has Failed To State Any Claim For Defamation, Slander Or Fraudulent Statements.

In Counts III, IV, V, VI and IX of the Complaint, Mr. Henry conclusively asserts claims for defamation, slander and fraudulent statements against Defendants Koczwara, Pekau, Walsh, Jablecki and Katsenes. It is entirely unclear from the rambling nature of pleadings what these claims are based on, but what is clear is that no factual basis exists to support the claims.

Specifically, Mr. Henry makes numerous baseless and conclusory allegations relating to the Cook County case, political campaigns, and public corruption, but in none of those rambling allegations are there any factual allegations to support claims for defamation, slander or fraud. Moreover, none of the allegations relate to any actions or statements by the individual Defendants (Koczwara, Pekau, Jablecki, Walsh or Katsenes). Mr. Henry has failed to state any such claim in the Complaint, and they must be dismissed, with prejudice.

### C. Plaintiff Has Failed To State Any RICO Claim.

In Count VII, Mr. Henry appears to assert a claim under the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 USC §1961 *et seq.*. However, nowhere in Count VII does Mr. Henry actual attempt to lay out the elements required to state a civil RICO claim. Mr. Henry makes allegations that Village attorney services were not bid, apparently as his predicate act for a RICO claim, but points to no Illinois law requiring that legal services to a municipality be put out to bid. In fact, in his subsequent filings in this case (Dkt. No. 22), Mr. Henry points to 65 ILCS 5/8-10-8.5 and 65 ILCS 5/8-10-3, which only apply to municipalities over 500,000 in population, which Orland Park is not, but more importantly only relate to public works contracts. Mr. Henry also ignores the language in 65 ILCS 5/8-10-4 which exempt from public bidding any contracts for services possessing a high degree of professional skill, such as legal services. Mr. Henry can point to no Illinois law that requires bidding of professions services such as legal services by the Village, and therefore, even assuming that could be a predicate act for a RICO claim, which is highly doubtful, he has failed to state a claim. Count VII must be dismissed, with prejudice.

### D. Plaintiff Has Failed To State A Claim For Malpractice Or Fraud

In yet a further attempt to harass the Village and its attorneys, Mr. Henry attempts to assert in Count VIII a claim for legal malpractice and billing fraud. Although it is unclear what he bases these claims on, whether he even has standing to assert such a claim is questionable at best. Mr. Henry makes no actual claim of legal malpractice in the Complaint, other than his contention that legal services have not been put out to bid by the Village, which, as stated above, is not even required.

Moreover, Mr. Henry provides no factual basis to support any claims for billing fraud. In this regard, Mr. Henry contends that the Village illegally filed the Cook County suit in order to bill the Village, yet his entire basis for asserting the case was "illegally" filed are the arguments he would make in a motion to dismiss that case, not assert a cause of action on its own. This argument also ignores the rulings that have already been made both in the Cook County case, denying Mr. Henry's motions to dismiss and allowing the case to proceed, and in the District of Columbia case which held the Cook County case was properly filed in State court. Therefore, Count VIII must be dismissed, with prejudice.

### III.  CONCLUSION

Mr. Henry has exhibited a pattern of filing frivolous claims tailored toward an abusive and repetitive litigation campaign. This Complaint is simply further example of this behavior. Mr. Henry has failed to state any claim in the twenty pages of his Complaint, which should therefore be dismissed, with prejudice. This Court should also take heed of the actions in by the Executive Committee in the Northern District of Illinois and consider a similar ban on filing due to Mr. Henry's behavior.

WHERFORE, the Defendants, VILLAGE OF ORLAND PARK, KLEIN THORPE AND JENKINS, KEITH PEKAU, HOWARD JABLECKI, DENNIS WALSH, GEORGE

KOCZWARA and CINDY NELSON KATSENES, respectfully request this Court grant their Motion to Dismiss, dismissing all claims with prejudice, and for such further relief deemed fair and just.

                                        Respectfully submitted,

                                        VILLAGE OF ORLAND PARK, KLEIN, THORPE AND JENKINS, KEITH PEKAU, HOWARD JABLECKI, DENNIS WALSH, GEORGE KOCZWARA and CINDY NELSON KATSENES

                                        By:    /s/ Howard C. Jablecki
                                                    One of their attorneys

Howard C. Jablecki (#6291655)
KLEIN, THORPE AND JENKINS, LTD.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400
hcjablecki@ktjlaw.com