IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL HENRY, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>VILLAGE OF ORLAND PARK, KLEIN )<br>THORPE JENKINS, et al., )<br>)<br>  Defendants. ) | Case No. 21-3244 |

OPINION

RICHARD MILLS, United States District Judge:

Defendant Kwame Raoul, Attorney General of the State of Illinois, moves for summary judgment.

I. BACKGROUND

Plaintiff Michael Henry filed a *pro se* amended complaint wherein he asserted a number of claims against various Defendants, including Kwame Raoul, Attorney General of the State of Illinois. Henry alleges U.S. Attorney for the Northern District of Illinois, John R. Lausch, Jr. and the Illinois Attorney General were aware of alleged corruption regarding other Defendants, including Cook County Judge Thomas Murphy, but failed to act. Henry contends the U.S. Attorney and Attorney General Raoul were aware that Cook County Judges fix cases and take illegal

1

campaign contributions and, further, were aware that Defendant Mayor Keith Pekau instructed his Village law firm to file bogus lawsuits. Henry also claims that the Attorney General has failed to police corrupt Villages in Illinois and has failed to prosecute the alleged public corruption of Defendants Pekau and George Koczwara for illegal activities.

Attorney General Raoul moves under Rule 12(b)(6) to dismiss the amended complaint for failure to state a claim. The Attorney General claims the amended complaint consists solely of conclusory allegations. Moreover, Henry does not identify a source of duty for the Attorney General to act. To the extent that Henry alleges Attorney General Raoul failed to prosecute a crime, the Attorney General is entitled to prosecutorial discretion. Moreover, it does not appear that any counts are specifically directed at the Attorney General. To the extent that Henry in Counts I and II asks the Court to enjoin Defendants from moving forward with the Cook County lawsuit against him, the Court lacks the authority to enjoin state court proceedings. The Attorney General further alleges Henry's claims are barred by collateral estoppel.

## II. DISCUSSION

<u>Standard of review</u>

At this stage, the Court accepts as true all of the facts alleged in the complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d

206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See id.* However, the claim need not be probable: a well-pleaded complaint may proceed even if the Court believes that actual proof of those facts is unlikely, and that the chance of any recovery is remote. *See Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id.*

Prosecutorial discretion

(1)

In his amended complaint, Henry alleges that the Attorney General failed to prosecute crimes of individuals engaged in corruption. Henry claims the U.S. Attorney and Illinois Attorney General were aware of alleged corruption concerning Cook County Judge Thomas Murphy but did not act. Henry further asserts that the

Attorney General did nothing about the corrupt Villages in Illinois and has failed to prosecute the alleged public corruption of Defendants Keith Pekau and George Koczwara for illegal activities. The Court concludes that, even assuming the Attorney General was aware of alleged corruption, the Attorney General has statutory discretion in determining which actions to prosecute.

The Illinois Constitution provides that the "Attorney General shall be the legal officer of the State, and shall have the duties and powers that may be prescribed by law." Ill. Const. 1970, art. V, § 15. The Attorney General Act provides "the duties of the attorney general shall be . . . to institute and prosecute all actions and proceedings in favor of or for the use of the state, which may be necessary in the execution of the duties of any state officer." 15 ILCS 205/4. The legislature's use of "may" indicates a "permissive or directory reading, whereas use of the word "shall" is generally considered to express a mandatory reading." *People v. Robinson*, 217 Ill.2d 4353 (2005). The Illinois Appellate Court stated:

> The statute indicates that the Attorney General has discretion in choosing what actions to prosecute. This discretion is necessary when considering the volume of complaints that the Attorney General receives each year. If the Attorney General were required to prosecute every complaint he or she received, this would produce a tremendous burden on the office of the Attorney General. This would also result in tax dollars wasted by forcing the Attorney General to prosecute all claims, no matter how frivolous or trivial. Fortunately, the legislature recognized this and allowed the Attorney General discretion by inserting the language "which may be necessary" into the Attorney General Act (15 ILCS 205/4 (West 2000)).

*Hadley v. Ryan*, 345 Ill. App.3d 297, 302 (4th Dist. 2003).

Given the discretion afforded the Attorney General in determining which actions to prosecute, it follows that he is not subject to suit for failing to bring an action. Henry alleges no source of law, such as a statute or case, requiring the Attorney General to act at the request of an Illinois citizen. Accordingly, to the extent that Henry alleges Attorney General Raoul failed to prosecute a claim, the claims will be dismissed for failure to state a claim upon which relief can be granted.

(2)

The same result is appropriate as to the claims asserted against the United States of America and the U.S. Attorney. The Government retains "broad discretion" as to whom to prosecute. *See United States v. Scott*, 631 F.3d 401, 406 (7th Cir. 2011). The decision whether or not to prosecute generally rests with the prosecutor. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). This is because "the decision to prosecute is particularly ill-suited to judicial review." *Scott*, 631 F.3d at 406. Accordingly, "our case law embodies the long-settled principle that we safeguard prosecutorial discretion by shielding it from judicial review that either forces the prosecutor to act in a prescribed manner or penalizes the prosecutor for acting in his preferred manner." *Id*. at 407. It is not the role of this Court to review the decision of a United States Attorney regarding whether to prosecute.

Therefore, the Court will dismiss the claims asserted against the United States and U.S. Attorney Lausch.

Other allegations

The amended complaint must also be dismissed as to the Attorney General because, except for the failure to prosecute claims in Counts I and II which are being dismissed, no other counts are directed against Attorney General Raoul. While Henry refers to "all defendants" in Count I and II, Attorney General Raoul has no involvement with the Cook County lawsuit filed against him by Defendant Village of Orland Park, which is the subject of Counts I and II. The complaint in that case which is attached to the amended complaint here shows that the Village sued Henry for nuisance, ordinance violations and violations of the Telephone Consumer Protection Act. Henry is unable to show that Attorney General Raoul is involved in the lawsuit pending in *The Village of Orland Park, an Illinois Municipal Corp. v. Michael F. Henry, and Unknown Defendants*, (Cook County No. 20205000698). Because the Attorney General is not involved in that lawsuit, Henry is unable to state a claim for enjoining him from "moving forward" with that lawsuit.

Even if the Attorney General of Illinois were part of the Cook County lawsuit, the Court has no authority under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining that proceeding. It is apparent that none of the exceptions to § 2283 apply.

Counts III through IX are directed against Defendants other than Attorney General Raoul. Because Henry fails to state a claim with respect to any count directed at the Attorney General, the Court will grant the motion to dismiss.

Ergo, the Motion to Dismiss of Defendant Kwame Raoul, Illinois Attorney General, under Federal Rule of Civil Procedure 12(b)(6) [d/e 13] is GRANTED.

The claims against Attorney General Raoul, the United States of America and U.S. Attorney John R. Lausch, Jr. are dismissed with prejudice.

The Clerk will terminate the Illinois Attorney General and U.S. Attorney as parties.

ENTER: January 28, 2022

            FOR THE COURT:

                        /s/ *Richard Mills*
                        Richard Mills
                        United States District Judge