IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL HENRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-3244 |
| ) | |
| UNITED STATES OF AMERICA; ) | |
| VILLAGE OF ORLAND PARK; KLEIN, ) | |
| THORPE, JENKINS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Defendants Village of Orland Park, Klein Thorpe and Jenkins, Keith Pekau, Howard Jablecki, Dennis Walsh, George Koczwara and Cindy Nelson Katsenes move to dismiss *Pro Se* Plaintiff Michael Henry's amended complaint under Rule 12(b)(6).

## I. BACKGROUND

In support of the motion, the Defendants allege this case is an attempt by Henry to relitigate *The Village of Orland Park, an Illinois Municipal Corp. v. Michael F. Henry, and Unknown Defendants*, (Cook County No. 20205000698).

1

The Defendants contend this case is a further attempt by Henry to harass the Village of Orland Park, its Elected Officials and Village Staff, and the Village Attorneys.

They Defendants note that similar claims asserted by Henry in the Federal District Court for the District of Columbia (Case No. 20 CV 3689) were dismissed. Henry also recently filed a case in Sangamon County Small Claims Court (Case No. 21-SC-3197) raising similar claims, which are subject to a pending motion to dismiss and motion for sanctions.

In *Henry v. United States*, 360 F. App'x 654, 2010 WL 145112 (7th Cir. 2010), the Seventh Circuit noted that the Northern District of Illinois Executive Committee had issued an order barring Henry from filing any new civil cases in the district due in part to his "habit of filing numerous civil cases dealing with the same subject matter." *See id*. at 655. The Seventh Circuit upheld the Executive Committee's action. *See id*.

Henry has continued his pattern of litigiousness in this case with no less than 17 motions currently pending. This case appears to be an effort by Henry to relitigate issues decided in the pending Cook County Circuit Court case relating to harassing robocalls in the Village of Orland Park.

## II. DISCUSSION

Standard of review

At this stage, the Court accepts as true all of the facts alleged in the complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See id.* However, the claim need not be probable: a well-pleaded complaint may proceed even if the Court believes that actual proof of those facts is unlikely, and that the chance of any recovery is remote. *See Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id.*

<u>Counts I and II</u>

In Counts I and II, Henry seeks injunctive relief and asks the Court to assume jurisdiction of his current Cook County Circuit Court case (Case No. 2020 M5 698). In the U.S. District Court for the District of Columbia, Henry in December 2020 filed suit against the United States; the FCC; the Village of Orland Park; Klein,

3

Thorpe and Jenkins; Dennis Walsh; Keith Pekau; the State of Illinois; Kwame Raoul, Illinois Attorney General; and the Attorney Registration and Disciplinary Committee (Case No. 1:20cv-03689-CKK. In that case, Henry sought: a declaratory judgment against the FCC, asking it to intervene in the Cook County State Court Litigation and remove the action to federal district court (Count I); a declaratory judgment against the State of Illinois and Attorney General Raoul that it failed to regulate and prosecute public corruption, and order those Defendants to intervene in the Cook County State Court litigation (Count II); a declaratory judgment against the State of Illinois and the ARDC that it failed to enforce and protect the integrity of the Rules of Professional Conduct and follow federal law (Count III); and a declaratory judgment against the Village of Orland Park, Keith Pekau, Dennis Walsh and Klein Thorpe and Jenkins that those Defendants instructed the Village Manager to commit perjury and the Village had no legal authority to file the Cook County lawsuit (Count IV).

In a Memorandum Opinion and Order entered on September 30, 2021, United States District Judge Colleen Kollar-Kotelly dismissed Henry's claims against the State defendants for lack of subject matter jurisdiction based on Eleventh Amendment immunity. That court dismissed the claims against the federal and local defendants for failure to state a claim upon which relief may be granted.

The Court agrees with the United States District Court for the District of Columbia that the Village's claims were properly brought in state court. To the extent that Henry's allegations in this case have any viable legal basis, the assertions belong in the state court case, not yet another federal action. This Court lacks the authority to render an advisory opinion on claims pending in other courts. *See Graziadei v. United States*, 319 F.2d 913, 914-15 (7th Cir. 1963).

Based on the foregoing, Counts I and II will be dismissed.

<u>Defamation, slander or fraudulent statements</u>

Counts III, IV, V, VI and IX of the amended complaint include claims for defamation, slander, and fraudulent statements against Defendants Koczwara, Pekau, Walsh, Jablecki and Katsenes. Henry's baseless and conclusory allegations relating to the Cook County case, political campaigns, and public corruption are rambling and do not support claims for defamation, slander or fraud. None of the allegations pertain to any actions or statements by the individual Defendants at which the claims are directed.

For these reasons, the Court will dismiss Counts III, IV, V, VI and IX.

<u>RICO claims</u>

In Count VII, Henry seeks to assert a claim under the Racketeer Influenced and Corrupt Organizations Act. While Henry appears to allege as his predicate act that Village attorney services were not bid, he points to no Illinois law requiring that

legal services to a municipality be put out to bid. As the Defendants state, neither 65 ILCS 5/8-10-8.5 nor 65 ILCS 5/8-10-3 apply to Orland Park. Additionally, 65 ILCS 5/8-10-4 exempts from public bidding any contracts for services requiring a high degree of professional skill, such as legal services. While it is doubtful that the failure to bid could constitute a predicate act, no Illinois law requires the bidding of professional services such as legal services by the Village.

Therefore, the Court will dismiss Count VII.

<u>Malpractice or fraud</u>

In Count VIII, Henry purports to assert a claim for legal malpractice and billing fraud against the Village and its attorneys. The only allegation in support of his claim is that legal services have not been put out to bid by the Village, which the Court previously noted is not required.

Additionally, his arguments attacking the basis of the Cook County case filed by the Village of Orland Park should be filed in that case. That case is proceeding in Cook County. Like the District of Columbia court, this Court is not a proper venue for raising claims or defenses that are part of the Cook County case.

Judge Thomas Murphy is named as a Defendant. However, it does not appear any claims are directed at him. Therefore, the Court will dismiss Judge Thomas Murphy as a Defendant.

<u>Ergo</u>, the Motion to Dismiss of Defendants Village of Orland Park, Klein Thorpe and Jenkins, Keith Pekau, Howard Jablecki, Dennis Walsh, George Koczwara and Cindy Nelson Katsenes [d/e 23] is GRANTED.

The Complaint and Amended Complaint are Dismissed with Prejudice.

The Clerk will terminate any pending motions as moot.

The Clerk will enter Judgment and close this case.

ENTER: January 31, 2022

        FOR THE COURT:

                /s/ *Richard Mills*
                Richard Mills
                United States District Judge